IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL R. CANTY, : <br> : <br> Plaintiff, : <br> : Civil Action <br> v. : <br> : No. 23-1873 <br> CITY OF PHILADELPHIA, et al., : <br> : <br> Defendants. : <br> : <br> : | |

**MEMORANDUM**

**J. Younge**                                                                                     **March 26, 2024**

## I.     INTRODUCTION

Currently before this Court are Defendant Mann Mastery Elementary School's and Defendants Jessica Banh and Catholic Community Services' Motions to Dismiss for Failure to State a Claim.  (ECF No. 48 & 52).[1]  The Court finds these Motions appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, these Motions are Granted.

## II.    FACTUAL BACKGROUND

This case stems from a series of events in May 2021 that resulted in Plaintiff Crystal Canty's two minor children being removed from her custody for seventeen months.  On May 11, 2021, the Plaintiff suffered an anxiety attack and ultimately agreed to voluntary psychiatric treatment at Albert Einstein Medical Center.  (Am. Compl. ¶¶ 26-32, ECF No. 1.)  This admission was later labelled involuntary.  (Am. Compl. ¶ 41.)  Without Plaintiff's permission,

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

her adult son, Amir Canty, was contacted to coordinate care for her two minor children and they were brought to his home. (Am. Compl. ¶¶ 34-36.)

On May 13, 2021, while Plaintiff was still admitted, Mr. Canty dropped one of Plaintiff's children off at Mann Mastery Elementary School on a day that it was closed. (Am. Compl. ¶ 37.) After determining that Plaintiff's child had been left at the school alone and after being unable to reach his emergency contacts, Janet Thompson, an employee of Mann Mastery, transported him to the Philadelphia Police District 19 station house and left him in police custody. (Am. Compl. ¶¶ 38 & 40.) A Dependency Petition was consequently filed against Plaintiff in relation to her two minor children and the child in police custody was transferred to the custody of the Department of Human Services (hereinafter "DHS"). (Am. Compl. ¶ 39.) Mr. Canty was ultimately contacted and able to temporarily retrieve him from DHS custody. (Am. Compl. ¶ 39.) Following further investigation, and after consideration of Plaintiff's psychiatric admission, which lasted three days, the two minor children were removed from her custody and remained as such for the following seventeen months. (Am. Compl. ¶¶ 40-52.)

Plaintiff commenced this *pro se* action on May 13, 2023 with her original Complaint. (ECF No. 1.) The Court granted Plaintiff leave to file an Amended Complaint on August 1, 2023. (ECF No. 30). Plaintiff's Amended Complaint, adding a number of Defendants,[2] was filed on October 11, 2023 and alleged denials of due process and equal protection in violation of the Fourth and Fourteenth Amendments and, generally, loss of association with her children. (ECF No. 36.) Defendant Mann Mastery Elementary School and Defendants Jessica Banh and

---

[2] Certain Defendants were dismissed from this action in this Court's Orders dated September 8, 2023, October 10, 2023, and March 6, 2024. (ECF Nos. 33, 34, & 57.)

Catholic Community Services filed their Motions to Dismiss on January 30, 2024 and February 7, 2024, respectively.[3]  (ECF Nos. 48 & 52.)

### III.   LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that the Defendant is liable for the alleged misconduct.

### IV.   DISCUSSION

This Court relies largely on its analysis of Plaintiff's constitutional claims as made in its September 8, 2023 Order in finding that Plaintiff has pled insufficient facts to support her claims against these Defendants.  (*See* ECF No. 33.)  Plaintiff has alleged denials of her due process and equal protection rights in violation of the Fourth and Fourteenth Amendments pursuant to 42

---

[3] This Court's February 20, 2024 Order granted Plaintiff's Motion for Leave to File a Reply to Defendants' Motions to Dismiss within 45 days from the date said Motions were filed.  As these Motions were filed on January 30, 2024 and February 7, 2024, this deadline is deemed passed.

U.S. § 1983.[4]  The Fourth Amendment protects against unreasonable search and seizure by the government.  U.S. Const. amend. IV.  This requires state action, through the use of physical force or authority, that restrains the individual's freedom of movement.  42 U.S.C. § 1983.  There is no liability under § 1983 for constitutional violations where the actors were not acting under the color of state law.  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

The Fourteenth Amendment's procedural due process protections requires that a plaintiff claiming a denial of such show "the deprivation of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'" and that the procedures "available to the plaintiff[] did not provide 'due process of law.'"  *Atkins v. Borough of Phoenixville*, 336 F. Supp. 3d 511, 517 (E.D. Pa. 2018) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)).  A substantive due process claim requires that a plaintiff show that they were arbitrarily or irrationally deprived of a fundamental right.  *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000).  Separation from one's children implicates the right against governmental intrusion into familial relationships.  *Miller v. City of Phila.*, 174 F.3d 368, 374-75 (3d Cir. 1999).  The Fourteenth Amendment additionally protects against "intentional and arbitrary discrimination" between similarly situated persons.  *Sunday Lake Iron Co. v. Wakefield Twp.*, 247 U.S. 350, 352 (1918).

Notably, Plaintiff's Amended Complaint failed to allege any facts whatsoever related to Defendants Jessica Banh and Catholic Community Services' conduct in this case.  Instead, the sole mention of Ms. Banh is as a party, and the only mentions of Catholic Community Services

---

[4] The Court additionally notes that a two-year statute of limitations applies to due process and equal protection claims brought pursuant to 42 U.S.C. § 1983 in Pennsylvania.  *287 Corporate Center Assocs. v. Twp. of Bridgewater*, 101 F.3d 320, 323-324 (3d Cir. 1996); 42 Pa. C.S. § 5524(2).

4

are conclusory allegations asserting that it is responsible and liable for the actions of Defendant DHS without stating how. Neither Defendant has been identified as a state actor and their personal involvement is not alleged. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (finding that a defendant's personal participation in the alleged wrongs is necessary in a § 1983 action). These scant, conclusory allegations are insufficient to meet the standard set out in *Iqbal* for making a plausible claim against these Defendants.

Defendant Mann Mastery Elementary School's alleged involvement stems entirely from its employee, Janet Thompson's, actions in transferring Plaintiff's minor child into police custody after he had been found alone at a closed school building and she was unable to reach his emergency contacts. This Court has already dismissed the case against Ms. Thompson, finding that her actions did not violate the Constitution and were reasonable. (ECF Nos. 33 & 34.) There is no independent factual allegation made against Mann Mastery. For the reasons outlined above, this is insufficient in a § 1983 action. As such, Plaintiff's claims cannot be sustained against Defendant Mann Mastery.

Because these defects cannot be cured with further amendment, these claims shall be dismissed with prejudice without leave to amend. *See City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 879 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss'") (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are Granted.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                             BY THE COURT:

                                             /s/ John Milton Younge
                                             **Judge John Milton Younge**